Erin Rose Ronstadt, SBN 028362
Kevin Koelbel, SBN 016599
OBER & PEKAS, PLLC
3030 N. 3rd Street, Suite 1230
Phoenix AZ 85012
Phone: (602) 277-1745
Fax: (602) 761-4443
erin@oberpekas.com
kevin@oberpekas.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Doe<br><br>                 Plaintiff,<br>v.<br><br>Blue Cross Blue Shield of Arizona,<br><br>                 Defendant. | No.<br><br>**COMPLAINT** |

For her claims against Blue Cross Blue Shield of Arizona ("BCBSAZ"), Plaintiff Jane Doe ("Ms. Doe" or "Plaintiff") alleges as follows:

### *Jurisdiction, Venue And Parties*

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

2. Plaintiff Jane Doe is a resident of Baltimore County in the State of Maryland.

3. Plaintiff is proceeding under a pseudonym because the evidence to be presented in this matter contains highly sensitive personal information related to her mental health. The evidence includes treatment notes and other records documenting Plaintiff's medical and personal history, and describes the nature of her complex and fragile physical and mental health, both as a minor and a young adult.

4. The Ninth Circuit allows parties to use pseudonyms "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Here, the circumstances of Plaintiff's medical history

outweigh the public's interest, and there is no prejudice to Defendant Blue Cross Blue Shield ("BCBSAZ" or "Defendant"), with whom Plaintiff will share her identity.

5. Plaintiff was at all relevant times a beneficiary of the Spectrum Healthcare Group, Inc. Blue Preferred Saver benefit plan (the "Plan"), a welfare benefit plan regulated by ERISA.

6. Plaintiff was a covered beneficiary under the Plan by virtue of her employment with Spectrum Healthcare Group, Inc.

7. BCBSAZ fully insured and administered benefit claims under the Plan.

8. Plaintiff is informed and believes that Defendant is a corporation with its principal place of business in the State of Arizona, is authorized to transact and transacts business in the State of Arizona, and can be found in the State of Arizona.

9. Defendant can be found in this judicial district and the Plan is administered in this judicial district.

10. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(a), 1132(e)(1), and 28 U.S.C. §§ 2201-02 (declaratory judgments).

11. Venue is proper in this Court under ERISA, 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

*General Allegations*

12. Plaintiff suffers from anorexia nervosa, post-traumatic stress disorder, dissociative identity disorder, major depressive disorder, as well as other physical and mental illnesses.

13. On or about April 22, 2015, Plaintiff submitted a claim for precertification to Defendant for inpatient treatment at Sheppard Pratt Health System ("Sheppard Pratt"), a facility that provides treatment for illnesses such as those suffered by Plaintiff.

14. On or about April 23, 2015, Plaintiff was admitted to the inpatient Trauma Disorders Program at Sheppard Pratt Health System.

15. Defendant approved Plaintiff's request for precertification through April 30, 2015.

16. On or about May 21, 2015, Defendant denied Plaintiff's claim for continued benefits from May 23, 2015 forward on the grounds that Plaintiff was not improving and

continued stay would be considered "maintenance services" which are not a covered benefit.

17. On Plaintiff's behalf, Sheppard Pratt appealed this decision on or about May 22, 2015.

18. On or about May 27, 2015, Defendant authorized Plaintiff's treatment through June 2, 2015. Defendant denied Plaintiff's treatment beyond June 2, 2015, on the ground that her treatment was "maintenance services" and not medically necessary.

19. On or about June 4, 2015, Sheppard Pratt submitted an expedited appeal on Plaintiff's behalf.

20. On or about June 16, 2015, an independent review organization upheld the denial of Plaintiff's benefits for continued inpatient treatment from June 2, 2015 forward on the grounds that Plaintiff's treatment was "custodial" in nature and not a covered benefit under the plan.

21. Plaintiff was discharged from Sheppard Pratt on or about August 14, 2015 and transferred to Bayview Medical Center Hospital.

22. On or about August 15, 2015, Plaintiff was admitted to Bayview Medical Center Hospital for treatment of self-inflicted burns.

23. On or about August 17, 2015, Plaintiff was readmitted to Sheppard Pratt.

24. On or about August 17, 2015, Sheppard Pratt submitted a claim for precertification to Defendant for Plaintiff's inpatient treatment.

25. On or about August 19, 2015, Defendant approved Plaintiff's request for precertification through August 25, 2015.

26. On or about August 25, 2015, Defendant denied Plaintiff's continued inpatient treatment stating that "continued stay beyond August 26, 2015 is considered to be Custodial Care, which is a contract exclusion and not a covered benefit."

27. On or about August 26, 2015, Sheppard Pratt submitted an appeal on Plaintiff's behalf.

28. On or about August 31, 2015, Defendant issued a denial on the grounds that

medical necessity was not met. Plaintiff's last covered day was August 31, 2015.

29. On or about September 24, 2015, pursuant to the terms and conditions of the Plan, Sheppard Pratt submitted an appeal to Defendant on Plaintiff's behalf.

30. On or about October 15, 2015, Defendant issued a level one appeal denial for dates of service June 3, 2015 forward and also advised Plaintiff that due to an erroneous overpayment for dates of service from July 22, 2015 through on or about August 14, 2015, Defendant would seek recoupment of their payment.

31. On or about November 5, 2015, Sheppard Pratt submitted a level two appeal on Plaintiff's behalf to Defendant for dates of service from May 23, 2015 through on or about August 14, 2015.

32. On or about November 25, 2015, Defendant issued a level two appeal denial for dates of service from June 3, 2015 through on or about October 31, 2015 on the grounds that Plaintiff's continued treatment was not medically necessary.

33. To date, Defendant has refused to pay, and Plaintiff is financially responsible for the cost of her treatment at Sheppard Pratt from on or about June 3, 2015 through on or about August 14, 2015, and from on or about September 1, 2015 through on or about September 30, 2015.

**COUNT I**
**(Recovery of Plan Benefits)**

34. All other paragraphs are herein incorporated by reference.

35. Defendant wrongfully denied Plaintiff's claim for benefits, in the following respects, among others:

a) Failure to pay medical benefit payments due to Plaintiff at a time when Defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan;

b) Failure to provide prompt and reasonable explanations of the bases relied on under the terms of the Plan documents, in relation to the applicable facts and Plan provisions, for the denial of the claim for medical benefits;

c) After the claim was denied in whole or in part, failure to adequately describe to Plaintiff any additional material or information necessary to perfect the claim along with an explanation of why such material is or was necessary;

    d) Failure to pay for the level of care which Defendant determined was medically necessary; and

    e) Failure to properly and adequately investigate the merits of Plaintiff's claim, including her second-level appeal, and/or provide alternative courses of treatment.

36. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied Plaintiff's claim for benefits by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

37. Defendant breached its fiduciary duties to Plaintiff and may have caused damages other than the denial of benefits of which Plaintiff is presently unaware and which may entitle Plaintiff to other equitable remedies. Plaintiff will immediately make Defendant aware if such damages are discovered by Plaintiff.

38. Following the denial of the claim for benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA, or such remedies were deemed exhausted, and thus Plaintiff has performed all duties and obligations on her part to be performed.

39. As a proximate result of the denial of medical benefits, Plaintiff has been damaged in the amount of all of the medical bills incurred, in a total sum to be proven at the time of trial.

40. As a further direct and proximate result of this improper determination regarding the medical claims, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

41. Due to the wrongful conduct of Defendant, Plaintiff is entitled to enforce her rights under the terms of the Plan.

### *Request for Relief*

**WHEREFORE**, Ms. Doe prays for judgment against Defendant as follows:

1. Payment of health insurance benefits due to Plaintiff under the Plan;
2. Attorneys' fees and costs incurred in pursuing this action under 29 U.S.C. § 1132(g);

3. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and

4. For such and further relief as the Court deems just, proper, equitable, and reasonable.

Dated this 12th day of January, 2018.

                OBER & PEKAS, PLLC

                By: *s/ Kevin Koelbel*
                     Erin Rose Ronstadt
                     Kevin Koelbel
                     *Attorneys for Plaintiff*

**OBER & PEKAS, PLLC**
3030 North 3rd Street, Suite 1230
Phoenix, AZ  85012
(602) 277-1745